**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Hamid MOHAMADI;<br>Nazanin SHABANI, | ) ) ) | |
| Petitioner(s) | ) ) | |
| v. | ) ) | Civil Action No **1:19-cv-953** |
| Mike POMPEO, Secretary, U.S. Department of State;<br>William P. BARR, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>Carl C. RISCH, Assistant Secretary, Bureau of Consular Affairs;<br>Robert W. THOMAS, Consul General, United States Consulate, Montreal, Canada;<br>John DOE, Consular Officer, U.S. Consulate, Montreal, Canada, | ) ) ) ) ) ) ) ) ) ) ) | |
| Respondent(s). | ) ) ) | |

**PETITIONERS' ORIGINAL COMPLAINT**
**FOR WRIT IN THE NATURE OF**
**MANDAMUS AND DECLARATORY JUDGMENT**

Hashim G. Jeelani, Attorney for Petitioners, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312, Email: hashim@jeelani-law.com.

**INTRODUCTION**

COME NOW Hamid MOHAMADI (hereinafter "MOHAMADI" or collectively as "Petitioners") and Nazanin SHABANI (hereinafter "SHABANI" or collectively as "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Respondents' failure to adjudicate Petitioners' Immigrant Visa Applications (hereinafter "Applications") within a reasonable period of time. Petitioners have a clear right to adjudication of the Applications in a timely manner. The final adjudication of the Applications is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      Respondents are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Applications.

## PARTIES

3.      Petitioner MOHAMADI is a resident and citizen of Canada. He is an applicant for an immigrant visa based on an approved Form I-140, Immigrant Petition for an Alien Worker.

4.      Petitioner SHABANI is a resident and citizen of Canada.  She is an applicant for an immigrant visa as she is the spouse of MOHAMADI and is therefore eligible as a dependent, immigrant visa applicant.

5.      Respondent Mike POMPEO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS").  He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs and U.S. Consulate in Montreal, Canada.  This action is filed against him in his official capacity.

6.      Respondent William P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of

Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

7.      Respondent Carl C. RISCH is the Assistant Secretary of State for Consular Affairs. Assistant Secretary RISCH is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

8.      Respondent Robert W. THOMAS is the Consul General of the United States Consulate in Montreal, Canada.  He is the principal officer in charge of the Consulate.  This action is filed against him in his official capacity.

9.      Respondent John DOE is a Consular Officer at the United States Consulate in Montreal, Canada. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Petitioners are seeking judicial review of inaction by one or more of the Respondents. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

11.     The Petitioners have repeatedly requested the Respondents to make a final decision on their Applications.   Further, Petitioners have initiated numerous inquiries with the U.S. Consulate in Montreal, Canada.  After such requests and inquiries failed, Petitioners notified the

Respondents of their intent to file suit. The Respondents have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

12.     The Petitioners have exhausted their administrative remedies. Petitioners have supplied the U.S. Consulate in Montreal, Canada with documents that establish Petitioners' eligibility to receive immigrant visas to come to the U.S. as permanent residents.

13.     There are no further administrative remedies available for Petitioners to utilize.

## FACTUAL ALLEGATIONS

14.     Petitioner MOHAMADI is the petitioner and beneficiary of an I-140, Immigrant Petition for Alien Worker (hereinafter "I-140").  His I-140 was approved by the United States Citizenship and Immigration Services based on a finding that his employment in the U.S. was in the national interest, as he is an individual with an advanced degree and/or exceptional ability. MOHAMADI's I-140 was approved on August 15, 2017 (Receipt # **LIN-1690-907-028**). **[EXHIBIT A].**

15.     On January 12, 2018, Petitioners attended an immigrant visa interview at the U.S. Consulate in Montreal, Canada (Immigrant Case# MTL2017756002).  **[EXHIBIT B].**

16.     On the same day as the interview, Officer John DOE provided the Petitioners with a notice titled "Refusal Worksheet" wherein it was stated that their visa Applications were refused under "Section 212(f) of the Immigration and Nationality Act, pursuant to Presidential Proclamation 9645."  **[EXHIBIT C].**

17.     The aforementioned "Refusal Worksheet" further mentioned that "the consular officer is reviewing [Petitioners'] eligibility for a waiver and that a "final determination" on the Petitioners' Applications would be made in the future. **[*Id*].**

18.     At the time of the interview, the Petitioners informed the officer that they would be receiving Canadian citizenship soon, and therefore the Presidential Proclamation 9645 would no

longer be applicable to the Petitioners.  Officer John DOE advised the Petitioners to provide copies via email to the Consulate of their Canadian passports to prove citizenship.

19.     On January 18, 2018, the Petitioners received an information request from the U.S. Consulate in Montreal; this information was provided to the U.S. Consulate in Montreal on January 26, 2018.

20.     On March 20, 2018, the Petitioners provided copies of their Canadian passports to the U.S. Consulate in Montreal as evidence of their Canadian Citizenship. **[EXHIBIT D].**

21.     On March 26, 2018, the Petitioners were notified by the U.S. Consulate in Montreal that their cases were in administrative processing.

22.     After submitting over fourteen separate inquiries, from themselves, potential employers, and through their Congressman's office, from March of 2018 until the present time, Respondents have yet to act on the Applications.

23.     Petitioners' inquiries have resulted in continuous responses from the U.S. Consulate in Montreal, Canada stating that the Petitioners' Applications were undergoing administrative processing and will take an unknown period of time.  **[EXHIBIT E].**

24.     Petitioners' Applications now continue to be in an administrative processing status with the U.S. Consulate in Montreal, Canada for over 63 weeks.

25.     Department of State, and the U.S. Embassy in Montreal, Canada refuse to allege an average processing time for Immigrant Visa Applications.  Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 14 months of processing time.

26.     Petitioner MOHAMADI has lost numerous employment opportunities as a result of Respondents' unreasonable delay.

## VIOLATION OF THE APA

27.     All prior paragraphs are re-alleged as if fully stated herein.

28.     Petitioners have a statutory right to apply for an immigrant visa pursuant to 8 U.S.C. § 1153(b).

29.     Respondents have a duty to adjudicate Petitioners Applications within a reasonable period of time under 5 U.S.C. §555(b) and 22 CFR § 42.81.

30.     The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

31.     No other adequate remedy is available to Petitioners.

32.     Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate their Applications.

33.     Given the Respondents' lack of a reason for not making a decision on Petitioners' Application for over 14 months, Petitioners' Applications have been pending for an unreasonably long period of time.

34.     Respondents have failed in their statutory duty to adjudicate the Application in a reasonable time.

35.     Respondents' delay in this case is, as a matter of law, arbitrary, in violation of Petitioners' rights and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to take action on the Petitioners' Applications.

36.     Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Petitioners' Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Petitioners' cases.

## PRAYER FOR RELIEF

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioners' Applications.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioners' Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 3, 2019                          Respectfully submitted,

                                              _____/s Hashim G. Jeelani_____
                                              **Hashim G. Jeelani, Esq. (P75111)**
                                              **JEELANI LAW FIRM, PLC**
                                              **28411 Northwestern Hwy, Suite 875**
                                              **Southfield, MI 48034**
                                              **hashim@jeelani-law.com**
                                              **Phone:(248) 850-7841**
                                              **Fax:(248) 714-4312**
                                              ***Counsel for Petitioners***